**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIZONA HALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1232 RLW |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Arizona Hall, Jr. for leave to commence this civil action without prepayment of the required filing fee. Upon review of plaintiff's financial information, the Court will grant his motion. For the following reasons, the Court will dismiss plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Discussion

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 alleging that defendants the United States, three federal judges, and two state court judges violated his constitutional rights to equal protection and due process of law when they conspired to deny plaintiff his civil rights during his trial, as well as during his post-conviction proceedings. Plaintiff's claims against Missouri Circuit Judges Margaret M. Neill and Michael K. Mullin arise out of his underlying state law convictions. *See Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis) (assault); *Missouri v. Hall*, No. 1022-CR04975-01 (firearms). Plaintiff's claims against federal Judges Stephen N. Limbaugh, Terry I. Adelman,[1] and David D. Noce appear to arise from habeas corpus proceedings.[2]

Plaintiff's arguments are difficult to interpret, but he seems to allege the original indictments against him were void and the state court had no jurisdiction over him. He also alleges he was convicted because the judges were racially prejudiced against him.

Plaintiff filed three prior § 1983 cases arising out of his state court criminal convictions: *Hall v. State of Missouri*, No. 4:16-CV-291-CDP (E.D. Mo. filed Mar. 2, 2016), and *Hall v. United*

---

[1]On March 22, 2013, plaintiff, a pretrial detainee at the time, filed a mixed application for writ of habeas corpus under 28 U.S.C. § 2241 and a civil rights complaint under 42 U.S.C. § 1983. The Court ordered plaintiff to file an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and plaintiff did so on April 18, 2013, asserting a violation of his bond rights. *Hall v. Edwards*, 4:13-CV-556 SNLJ (E.D. Mo. filed March 22, 2013).  The late Judge Terry I. Adelman filed a Report and Recommendation on December 31, 2013, recommending that the petition be dismissed as moot because petitioner had been sentenced. Judge Limbaugh adopted the Report and Recommendation and dismissed the action on January 21, 2014.

[2]On January 25, 2013, plaintiff filed a letter with the Court asserting that his right not to be subject to excessive bond was being violated. *See Hall v. State of Missouri*, 4:13-CV-178 DDN

*States Government*, No. 4:18-CV-2038-ACL (E.D. Mo. filed Nov. 30, 2018); and *Hall v. City of St. Louis*, No. 4:19-CV-2529-SRC (E.D. Mo. filed September 10, 2019).[3]  In all prior cases, the Court dismissed plaintiff's complaints because (1) the defendants could not be held liable under § 1983 because of judicial or sovereign immunity; (2) plaintiff's claims were barred by the principle of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and (3) plaintiff's complaint was malicious.  *See Hall v. State of Missouri*, ECF No. 17, *Hall v. United States Government*, ECF No. 4; and *Hall v. City of St. Louis*, ECF No. 8.

Here, the Court will dismiss plaintiff's claims as legally frivolous for the same reasons they have been dismissed on initial review three times before.  In addition, § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.  *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims arise out of his 2013 state court criminal convictions, and the habeas decisions he complains of were decided by this Court in 2013 and 2014. Plaintiff did not file this action until October 13, 2021.  As such, this case is also barred by the applicable five-year statute of limitations for § 1983 suits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 3]

---

(E.D. Mo. filed January 25, 2013). When plaintiff refused to consent to the characterization of the case as a petition for writ of habeas corpus, his action was dismissed without prejudice by the Honorable E. Richard Webber on March 8, 2013.

[3]Plaintiff also filed two prior petitions pursuant to 28 U.S.C. § 2254, both of which were denied.  *See Hall v. Koster*, No. 4:16-CV-1528-AGF (E.D. Mo. filed Sept. 26, 2016) (claims brought against assault conviction pursuant to 28 U.S.C. § 2254); *Hall v. Hawley*, 4:16-CV-1739-CDP (E.D. Mo. filed Nov. 4, 2016) (claims brought against firearms convictions pursuant to 28 U.S.C. § 2254).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.  [ECF No. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of October, 2021.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**