**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARIZONA HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1232 RLW |
| | ) |
| UNITED STATES, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's post-dismissal motion to "reinstate the complaint."  (ECF No. 16)  After reviewing plaintiff's motion the Court will deny plaintiff's request to "reinstate the complaint."

### Background

Plaintiff, Arizona Hall, Jr., filed the instant action brought pursuant to 42 U.S.C. § 1983 on October 13, 2021. In his complaint, plaintiff asserted that the defendants—the United States, three federal judges, and two state court judges—violated his constitutional rights to equal protection and due process of law when they conspired to deny plaintiff his civil rights during his trial, as well as during his post-conviction proceedings. Plaintiff alleged the original indictments against him were void and the state court had no jurisdiction over him. He also alleged he was convicted because the judges were racially prejudiced against him.

Plaintiff's claims against Missouri Circuit Judges Margaret M. Neill and Michael K. Mullin arise out of his underlying state law convictions. *See Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis) (assault); *Missouri v. Hall*, No. 1022-CR04975-01 (firearms). Plaintiff's claims

against federal Judges Stephen N. Limbaugh, Terri I. Adelman[1] and David D. Noce appear to arise

from habeas corpus proceedings.[2] The Court reviewed plaintiff's complaint pursuant to 28 U.S.C.

§ 1915 and dismissed this action as legally frivolous on October 19, 2021.[3]

Plaintiff filed a motion for reconsideration of the dismissal on November 1, 2021, and the

Court denied the motion for reconsideration on November 9, 2021. (ECF No. 8.) Plaintiff filed a

notice of appeal of the dismissal on November 10, 2021. (ECF No. 9.) The appeal of this matter is

currently pending in the Eighth Circuit Court of Appeals. *Hall v. United States*, No. 21-3557 (8th

Cir. 2021).

**Discussion**

In his motion to "reinstate the complaint," plaintiff states that this Court should overturn

the dismissal of this action and "reinstate" the complaint because "fraud on the court" occurred

---

[1]On March 22, 2013, plaintiff, a pretrial detainee at the time, filed a mixed application for writ of habeas corpus under 28 U.S.C. § 2241 and a civil rights complaint under 42 U.S.C. § 1983. The Court ordered plaintiff to file an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and plaintiff did so on April 18, 2013, asserting a violation of his bond rights. *Hall v. Edwards*, 4:13-CV-556 SNLJ (E.D. Mo. filed March 22, 2013). The late Judge Terry I. Adelman filed a Report and Recommendation on December 31, 2013, recommending that the petition be dismissed as moot because petitioner had been sentenced. Judge Limbaugh adopted the Report and Recommendation and dismissed the action on January 21, 2014.

[2]2On January 25, 2013, plaintiff filed a letter with the Court asserting that his right not to be subject to excessive bond was being violated. *See Hall v. State of Missouri*, 4:13-CV-178 DDN (E.D. Mo. filed January 25, 2013). When plaintiff refused to consent to the characterization of the case as a petition for writ of habeas corpus, his action was dismissed without prejudice by the Honorable E. Richard Webber on March 8, 2013.

[3]In the Memorandum and Order accompanying the Order of Dismissal, the Court noted that plaintiff had filed three prior similar actions in this Court pursuant to 42 U.S.C. § 1983. *See Hall v. State of Missouri*, No. 4:16-CV-291-CDP (E.D. Mo. filed Mar. 2, 2016); *Hall v. United States Government*, No. 4:18-CV-2038-ACL (E.D. Mo. filed Nov. 30, 2018); and *Hall v. City of St. Louis*, No. 4:19-CV-2529-SRC (E.D. Mo. filed September 10, 2019). In all of these prior cases, the Court dismissed plaintiff's complaints because (1) the defendants could not be held liable under § 1983 because of judicial or sovereign immunity; (2) plaintiff's claims were barred by the principle of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and (3) plaintiff's complaint was malicious. *See Hall v. State of Missouri* (ECF No. 17), *Hall v. United States Government*, (ECF No. 4); and *Hall v. City of St. Louis* (ECF No. 8).

when defendant Circuit Judge Margaret M. Neill entered a judgment against plaintiff of assault in the second degree without jurisdiction and held that plaintiff was a persistent offender.

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).  But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal.  *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted).  A district court retains jurisdiction to **deny** a motion for relief from a judgment or order brought under Rule 60(b),[4] because a denial is in furtherance of the appeal.  However, a district court lacks the ability to **grant** a Rule 60(b) motion. *Id.* at 1180; *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).  When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits.  *Hunter*, 362 F.3d at 475.

The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. And although plaintiff asserts his motion is based on fraud, his allegations merely revisit old arguments relating to his belief that the state court lacked

---

[4] Federal Rule of Civil Procedure 60(b) states:

  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1)  mistake, inadvertence, surprise, or excusable neglect;
  (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4)  the judgment is void;
  (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6)  any other reason that justifies relief.

jurisdiction over his convictions. Plaintiff is therefore not entitled to "reinstatement" of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to "reinstate his complaint" (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this <u>10th</u> day of December, 2021.


_Ronnie L. White_
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**